IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
*February 16, 2023*

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | **CRIMINAL NO. H-22-321-S** |
| v. | § | |
| | § | |
| **KENNETH ANIM** and | § | Kenneth Anim: Cts. 1-5 |
| **AKUA DUFIE** | § | Akua Dufie: Cts. 1-2, 6-7 |

### SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### INTRODUCTION

At all times material to this Superseding Indictment:

1. The defendant, **KENNETH ANIM** ("**ANIM**"), resided in Houston, Texas. and in Ghana, and the defendant, **AKUA DUFIE** ("**DUFIE**") resided in Houston, Texas.

2. The defendants, **ANIM** and **DUFIE**, individually and through businesses in their names, operated as an unlicensed money transmitting business as outlined in 18 United States Code Section 1960(b)(1). An unlicensed money transmitting business affects interstate and foreign commerce in any manner and degree and fails to comply with money transmitting business registration requirements under Title 31, United States Code, Section 5330, and the regulations prescribed under such section, including 31 C.F.R. Sections 1022.100-1022.670.

3. The defendants, **ANIM and DUFIE,** individually and through shell

businesses that existed only on paper, operated as a money transmitter as outlined in 18 United States Code Section 1960(b)(2).  Money transmitting includes transferring funds on behalf of the public by any and all means, including, but not limited to, transfer within the United States and to locations abroad by wire, check, draft, facsimile, and courier.

4. A money mule is a person who transfers illegally acquired money on behalf and at the direction of others.  Money mules often receive a payment for providing their services.

5. **ANIM** and **DUFIE** individually and through businesses they formed, operated as money mules related to various mail and wire fraud schemes occurring within the United States.  These mail and wire fraud schemes included, among others, internet frauds and "romance scams."

6. A romance scam occurs when criminals adopt fake online identities to gain a victim's affection and trust.  The scammer then uses the illusion of a close relationship to induce the victim, under false pretenses, to send money to the scammer.

7. **ANIM** and **DUFIE** opened and maintained bank accounts within the United States, collected the proceeds from mail and wire fraud schemes committed within the United States, and then transmitted the money to themselves, to co-conspirators, and overseas.

8.      During the scheme, **ANIM** and **DUFIE** opened numerous bank accounts. Banks closed numerous of these fraud accounts after reviewing **ANIM** and **DUFIE'S** banking activity, and at least one bank directly informed **ANIM** the account was being closed because of fraud, in violation of the bank's Deposit Account Agreement.  Another bank froze an account where **DUFIE** was the sole signer on the account.  Despite the repeated closure of bank accounts, **ANIM** and **DUFIE** would open new bank accounts to enable them to receive proceeds from the fraud schemes being perpetrated against victims throughout the United States. **ANIM** and **DUFIE** directly received proceeds from fraud schemes by having the fraud proceeds deposited into bank accounts they controlled.

## COUNT ONE
(Conspiracy to Commit Money Laundering, 18 U.S.C. § 1956(h))

9.      From at least in or about 2014 up to and including in or about 2019, in the Southern District of Texas and elsewhere, **ANIM** and **DUFIE,** the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(1)(B)(i).

10.     It was a part and an object of the conspiracy that **ANIM** and **DUFIE**, the defendants, and others known and unknown, knowing that the property involved in certain financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions,

3

which in fact involved the proceeds of specified unlawful activity, to wit, proceeds of mail and wire fraud offenses, in violation of title 18, United States Code, Sections 1341 and 1343, knowing that the transactions were designed in whole and in part:

(1) to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), and;

(2) to engage in monetary transactions in criminally derived property of value greater than $10,000 and derived from the specified unlawful activity, in violation of 18 United States Code, Section 1957(a).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO
(Unlicensed Money Transmitting Business, 18 U.S.C. § 1960)

11.   Paragraphs 1 – 8 of the Introduction of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

12.   From at least in or around 2014, and continuing through in or around 2019, in the Southern District of Texas and elsewhere, the defendants,

**KENNETH ANIM and AKUA DUFIE,**

together with others known and unknown to the Grand Jury, knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business, having failed to comply with the money transmitting

business registration requirements under 31 United States Code Section 5330, and regulations prescribed under such section.

All in violation of 18 United States Code Section 1960.

## COUNTS THREE – SEVEN
(Money Laundering Spending Statute, 18 U.S.C. § 1957)

13. Paragraphs 1 – 8 of the Introduction of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

14. From at least in or around 2014, and continuing through in or around 2019, in the Southern District of Texas and elsewhere, the defendants,

**KENNETH ANIM and AKUA DUFIE,**

together with others known and unknown to the Grand Jury, knowingly engaged, and attempted to engage, in a monetary transaction in the United States, in criminally derived property of a value greater than $10,000, as described in the table below, which was derived from specified unlawful activity, that is mail and wire fraud.

| COUNT DEFENDANT | AMOUNT | DATE | ACCOUNT |
|---|---|---|---|
| 3 -- ANIM | $60,490 | 11-30-2017 | Amegy X2730 |
| 4 – ANIM | $86,170 | 1-11-2018 | Amegy X2730 |
| 5 -- ANIM | $61,491 | 1-22-2018 | Amegy X2730 |

| 6 – DUFIE | $11,920 | 10-23-2018 | BBVA X7227 |
| 7 -- DUFIE | $11,920 | 10-26-2018 | BBVA X7227 |

All in violation of Title 18, United States Code, Section 1957.

## NOTICE OF CRIMINAL FORFEITURE
### 18 U.S.C. § 982

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to the defendants,

**KENNETH ANIM and AKUA DUFIE,**

that in the event of conviction of the offenses charged in Counts 1 through 7 of this Superseding Indictment, the United States intends to seek forfeiture of all property, real or personal, involved in such offense, or any property traceable to such property.

### Money Judgment and Substitute Assets

The United States will seek the imposition of a money judgment against each defendant. In the event that a condition listed in Title 21, United States Code, Section 853(p) exists, the United States may seek to forfeit any other property of the defendants in substitution.

Original Signature on File

ALAMDAR S. HAMDANI
United States Attorney

By: *Belinda Beek*

    Belinda Beek
    Grace Murphy
    Assistant United States Attorneys