IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. H-22-321-S |
| KENNETH ANIM | § § | |

## PLEA AGREEMENT

The United States of America, by and through Alamdar S. Hamdani, United States Attorney for the Southern District of Texas, and Belinda Beek and Grace Murphy, Assistant United States Attorneys, and the Defendant, **KENNETH ANIM (ANIM)**, and the Defendant's counsel, David Breston, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1. Defendant agrees to plead guilty to Count Two of the Superseding Indictment. Count Two charges Defendant with operating an illegal money transmitting business in violation of Title 18, United States Code, Section 1960. Defendant agrees that he is accountable for the underlying offense of wire fraud under subsection (a)(1)(A) of Section 1B1.3 (Relevant Conduct) of the United States Sentencing Guidelines. Defendant and the United States agree that the loss from

1

Defendant's criminal conduct in this scheme was Five Million Three Hundred Thirty Thousand Eight Hundred Eighty-Nine Dollars ($5,330,889). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Superseding Indictment or proved to a jury or judge beyond a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1960 is imprisonment of not more than five (5) years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three (3) years. *See* Title 18, United States Code, Sections 3559(a)(4) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Section 3559(a)(4) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Cooperation

5. The parties understand this agreement carries NO potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines.

## Waiver of Appeal and Collateral Review

6. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a Defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States, or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the

Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the agreement are made in exchange for the concessions made by the United States in this plea agreement.

## United States' Agreements

9. The United States agrees to each of the following:

(a) Should Defendant accept responsibility as contemplated by the Sentencing Guidelines, the United States agrees not to oppose Defendant's anticipated request to the Court that he receive a two (2) level downward adjustment pursuant to Section 3E1.1(a) of the United States Sentencing Guidelines. **If, however, Defendant engages in conduct or otherwise acts in a manner inconsistent with acceptance of responsibility, or if the Pre-Sentence Investigation Report does not make a finding of acceptance of responsibility and does not make a recommendation for a downward adjustment for acceptance of responsibility, the United States is not obligated to recommend or to refrain from opposing a downward adjustment for acceptance of responsibility.**

(b) If Defendant qualifies for an adjustment under Section 3E1.1(a) of the United States Sentencing Guidelines with the offense level determined prior to the operation of 3E1.1(a) being level 16 or greater, and the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently, and by providing complete information regarding his role in the offense, the United States agrees to request an additional one-level downward adjustment.

(c) The United States agrees to dismiss the Indictment and counts one, three, four, and five of the Superseding Indictment after Defendant has been sentenced.

**Agreement Binding - Southern District of Texas Only**

10. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct that is the basis of the charges in the Indictment or Superseding Indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney or any other unit of the Department of Justice. The United States will bring this plea agreement and the full extent of Defendant's cooperation, if any, to the attention of other prosecuting offices if requested.

**United States' Non-Waiver of Appeal**

11. The United States reserves the right to carry out its responsibilities

6

under the Sentencing Guidelines. Specifically, the United States reserves the right:

 (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

 (b) to set forth or dispute sentencing factors or facts material to sentencing;

 (c) to seek resolution of such factors or facts in conference with the Defendant's counsel and the Probation Office;

 (d) to file a pleading relating to these issues, in accordance with Section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

 (a) to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

12. Defendant is aware that his sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553. Defendant nonetheless acknowledges and agrees that the Court has the authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the

Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

13. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a Defendant include the following:

   (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial could be conducted by a judge sitting without a jury if Defendant, the United States, and the Court all agreed.

   (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

   (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

14.     Defendant is pleading guilty because he <u>is</u> guilty of the charges contained in Count Two of the Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. Defendant understands and agrees that the following facts, **<u>among others</u>**, would be offered to establish Defendant's guilt:

From at least in or around 2014, and continuing through in or around 2019, in the Southern District of Texas and elsewhere:

- The defendant **KENNETH ANIM ("ANIM")** together with others known and unknown to the Grand Jury, knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business, having failed to comply with the money transmitting business registration requirements under 31 United States Code Section 5330, and regulations prescribed under such section.
- **ANIM** resided in Houston, Texas and in Ghana.
- **ANIM,** individually and through businesses in his name and his co-defendant's name, operated an unlicensed money transmitting business as outlined in 18 United States Code Section 1960(b)(1). **ANIM'S** unlicensed money transmitting business affected interstate and foreign commerce and

9

failed to comply with money transmitting business registration requirements under Title 31, United States Code, Section 5330, and the regulations prescribed under such section, including 31 C.F.R. Sections 1022.100-1022.670.

- **ANIM,** individually and through shell businesses that existed only on paper, operated as a money transmitter as outlined in 18 United States Code Section 1960(b)(2). Money transmitting includes transferring funds on behalf of the public by any and all means, including, but not limited to, transfer within the United States and to locations abroad by wire, check, draft, facsimile, and courier.

- A money mule is a person who transfers illegally acquired money on behalf and at the direction of others.

- **ANIM,** individually and through businesses he formed himself and with his co-defendant, operated as a "money mule" related to various mail and wire fraud schemes occurring within the United States. These mail and wire fraud schemes included, among others, internet frauds and "romance scams."

- A romance scam occurs when criminals adopt fake online identities to gain a victim's affection and trust. The scammer then uses the illusion of a close

relationship to induce the victim, under false pretenses, to send money to the scammer.

- **ANIM** opened and maintained bank accounts within the United States, collected the proceeds from mail and wire fraud schemes committed within the United States, and then transmitted the money to himself, to co-conspirators, and overseas.

- During the scheme, **ANIM** opened numerous bank accounts. Banks closed numerous of these fraud accounts after reviewing **ANIM'S** banking activity, and at least one bank directly informed **ANIM** the account was being closed because of fraud, in violation of the bank's Deposit Account Agreement. Despite the repeated closure of bank accounts, **ANIM** continued to open new bank accounts to enable him to receive proceeds from the fraud schemes being perpetrated against victims throughout the United States. **ANIM** received Five Million Three Hundred Thirty Thousand Eight Hundred Eighty-Nine Dollars ($5,330,889) from mail and wire fraud schemes by having the fraud proceeds deposited into bank accounts he and his co-defendant controlled.

- The table below includes examples of wire fraud transfers in bank accounts that **ANIM** controlled:

11

| DEFENDANT | AMOUNT | DATE | ACCOUNT |
|---|---|---|---|
| ANIM | $60,490 | 11-30-2017 | Amegy X2730 |
| ANIM | $86,170 | 1-11-2018 | Amegy X2730 |
| ANIM | $61,491 | 1-22-2018 | Amegy X2730 |

All in violation of 18 United States Code Section 1960.

## Breach of Plea Agreement

15. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

## Restitution and Fines--Generally

16. This plea agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

17. Defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement (USAO-SDTX Financial Statement, Form OBD-500 or similar form) and providing it to the United States **prior to the entry of this Plea Agreement**. Defendant agrees to authorize the release of all financial information requested by the United States, including but not limited to executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure. Defendant understands and agrees that any false information in any form that Defendant provides to the United States could result in additional prosecution of Defendant.

18. Defendant agrees to take all steps necessary to assist fully in the

collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

19. Defendant understands that restitution and fines are separate aspects of sentencing and are separate obligations.

## Restitution

20. Defendant agrees to pay restitution of Five Million Three Hundred Thirty Thousand Eight Hundred Eighty-Nine Dollars ($5,330,889) to the victims regardless of the count of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss of Five Million Three Hundred Thirty Thousand Eight Hundred Eighty-Nine Dollars ($5,330,889). Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s) and that it is the Court that determines the amount of restitution that each defendant owes. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including

14

by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Fines

21.	Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

22.	This written plea agreement, consisting of 18 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

23.	Any modification of this plea agreement must be in writing and signed

by all parties.

Filed at <u>Houston</u>, Texas, on <u>April 27, 2023</u>, 2023.

<u>x) [signature]</u>
Defendant

Subscribed and sworn to before me on <u>April 27, 2023</u>, 2023.

NATHAN OCHSNER
UNITED STATES DISTRICT CLERK

By: <u>N. Flores</u>
Deputy United States District Clerk

APPROVED:

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

By: <u>[signature]</u>           <u>[signature] David A. Breston</u>
Belinda Beek                      David Breston
Grace Murphy                    Attorney for Kenneth Anim
Assistant United States Attorneys

16

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| v. | § | CRIMINAL NO. H-22-321-S |
| | § § § | |
| KENNETH ANIM | § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Superseding Indictment. I have reviewed the provisions of the United States Sentencing Guidelines Manual and Policy Statements, and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the Court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____       4/27/23
David Breston                                       Date
Attorney for Defendant

17

I have consulted with my attorney and fully understand all my rights with respect to the Superseding Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Guidelines Manual and Policy Statements which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement, and I voluntarily agree to its terms.

x) _____  	_____4/27/23_____
Kenneth Anim                                    	Date
Defendant